

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# Williams v. Secretary Defense

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4016

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Williams v. Secretary Defense" (2002). *2002 Decisions.* Paper 497.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/497

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BARBARA WILLIAMS,

                                                                    Appellant

                    v.

    DONALD RUMSFELD, Secretary, Department of Defense

_____


    On Appeal from the United States District Court
        for the Middle District of Pennsylvania
            (D.C. Civ. No. 1: CV-00-1283)
    District Judge:  The Honorable Sylvia H. Rambo
_____


    Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
            Tuesday, July 16th, 2002

    Before: SCIRICA, ALITO and FUENTES, Circuit Judges

        (Opinion Filed: August 13, 2002)



_____


            OPINION OF THE COURT
_____


FUENTES, Circuit Judge:
     Plaintiff Barbara Williams appeals the district court's grant of the Defendant's
summary judgment motion. Williams, an African-American female,  had alleged that she
was separated from federal service based on her race, in violation of Title VII. She also
claimed that she was terminated in retaliation for pursuing administrative EEO remedies,
a protected activity under Title VII. Because we agree with the district court that
Williams' claim raised no genuine issues of material fact, we affirm.
                                I.

     Barbara Williams brought the instant lawsuit after having been separated from
federal service in September 1999. Williams had been employed by the Defense
Logistics Agency (DLA), a component of  the United States Department of Defense,
since 1985. At all times relevant to this case, Williams held the position of
Administrative Assistant, GS-05.
     In 1997, the DLA was re-organized and two of its distribution regions were
consolidated as part of a "Most Efficient Organization" plan ("MEO").  As a result, fifty-
seven positions within the newly created Defense Distribution Center ("DDC")
(including all GS-05's in Williams' office) were slated to be eliminated. However,
because of the two-year differential between the proposal of the MEO and the
implementation of the force reduction, many of the DLA employees in positions that the
MEO had identified as 'excess' were able to take advantage of either Voluntary Early
Retirement (VERA) and/or Voluntary Separation Incentive Payment (VISP) initiatives.
In addition, others applied and were selected for promotion or reassignment to positions
that became vacant prior to September 1999 (the MEO's implementation date). Together,
these groups constituted the majority of the employees whose positions were slated to be

eliminated by the MEO.

Nevertheless, by July of 1999, the voluntary staffing reductions of the MEO had not been fully realized, and a mandatory Reduction-in-Force (RIF) was initiated. Although sixteen employees in the DDC headquarters were still employed in positions targeted by the RIF in July, the only employees who were ultimately involuntarily separated in September were Williams and one Hispanic female.

## II.

We exercise plenary review over an order granting summary judgment, applying the same standard that the lower court should have applied. Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). Therefore, we must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Armbruster, 32 F.3d at 777. Our jurisdiction to review summary judgment orders is based upon 28 U.S.C. 1291.

## III.

Williams first claims that the district court erred in granting summary judgment because there existed sufficient evidence to create a genuine issue of material fact, namely whether three non-protected employees were treated more favorably through the RIF. The Supreme Court has set forth a three-step, burden-shifting framework for the presentation of evidence in discriminatory treatment cases litigated under Title VII of the Civil Rights Act of 1964. See McDonnel-Douglas v. Green, 411 U.S. 792 (1973). In the first step, the plaintiff must make out a prima facie case of race discrimination. See In re: Carnegie Center Assoc., 129 F.3d 290, 294 (3d Cir. 1997). The district court below found, and the defendant stipulates on appeal, that Williams has met her threshold burden. See Id. at 294-95 (determining that, "in a Title VII case...involving a reduction in force...to make out a prima facie case the plaintiff must show that (1) she belonged to a protected class, (2) she was qualified for the position from which she was terminated, (3) she was terminated and (4) persons outside of the protected class were retained."). Furthermore, we agree with the District Court that the defense has clearly met its intermediate burden of articulating a facially legitimate non-discriminatory reason for Williams' termination, namely that it had conducted the RIF in accordance with the procedure prescribed by the OPM. See App. Br. at 16; Fuentes v. Perskie, 32 F3d 759, 763 (3d Cir. 1994) (instructing that, in order to satisfy its burden of production, defendant need only "introduc[e] evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision.").

Once the defendant has proffered a legitimate, non-discriminatory reason for its actions, the burden then shifts back to the plaintiff. Fuentes, 32 F3d at 763. In Fuentes, we instructed that;

> [T]o defeat summary judgment when the defendant answers the plaintiff's prima facie case with legitimate, non-discriminatory reasons for its action, the plaintiff must point to some evidence, direct or circumstantial, from which a fact finder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. In other words...a plaintiff who has made out a prima facie case may defeat a motion for summary judgment by either (i) discrediting the proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that discrimination was more likely than not a motivating or determinative cause of the adverse employment action. Id.

This third and final stage of the McDonnel-Douglas test is the only one at issue here. On appeal, Williams claims that the district court erred in granting the defendant's summary judgment motion because "conflicting and misleading evidence of [Williams'] seniority status" created a genuine issue of material fact. App. Br. at 19. She identifies

three different documents that appear to indicate three different tenure ranking dates for her. She alleges that, if the DDC had relied on the highest of her three tenure rankings (and the one which Williams alleges is correct), she would have been listed ahead of three "excess" employees who were retained, even though none of them were members of a protected class. App. Br. at 19-20.

Nevertheless, Williams offers no evidence that any of the three non-protected employees were hired based on their seniority. As Fuentes makes clear, at this stage of the proceedings, the burden of proof is on Williams. Fuentes, 32 F3d at 763. Specifically, she must offer some material evidence that casts doubt on the DDC's proffered, facially non-discriminatory explanation of its reasons for separating her from Federal service. However, Williams' evidence that she may have had a higher seniority status than the three retained employees is not material if it was a non-factor in the hiring process. See Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992) ( "[a] disputed fact is 'material' if it would affect the outcome of the suit as determined by the substantive law"). Therefore, Williams' attempt to discredit the DDC's facially legitimate claim for separating her from federal service based on her proffered conflicting and misleading evidence of her seniority status must fail as a matter of law. Id. (instructing that a party attempting to avoid a motion for summary judgment must offer "sufficient evidence for jury to return a verdict in favor of the nonmoving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted").

Williams also claims that "a position for which [Williams had] interviewed and was qualified, was available exclusively to her as of September 30, 1999," and the fact that she was not offered the position is evidence that Defendant's proffered legitimate non-discriminatory purpose was actually a pretext for racial discrimination. The District Court rejected Williams' claim, indicating that the position that Williams claims was available "exclusively" to her on September 30, actually did not become open until October 12, 1999. Since Williams had already been separated by that time, the Court reasoned that the Defendant's refusal to offer the position to Williams is not evidence that Defendant's non-discriminatory reason for separating Williams was a pretext for racial discrimination. App. at 10.

On appeal, Williams claims that since the availability date given for the job opening, October 12th, is not "a sworn and verified date" the District Court resolved a material fact issue against a non-moving party, and therefore its decision to grant summary judgment should be reversed. See Armbruster, 32 F.3d at 777 (instructing that, in reviewing a motion for summary judgment, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor). Nevertheless, there is evidence in the record that a previously selected employee did not refuse the position until October 12th, 1999, See App. at 131 (DDC's Referral and Selection Register), and Williams offers no evidence to the contrary. While this Court must, on Defendant's motion for summary judgment, view the facts in a light most favorable to Williams' claim, we are not obligated to accept Williams naked assertions contrary to evidence that exists in the record. Williams further claims that there was a "legitimate opportunity to avoid the impact of the RIF as it relates to [Williams]," citing a recommendation made by the chief union steward to the DDC that Williams "could be placed in the Dispatcher position" once the previously selected employee had declined. App. at 132. Nevertheless, this information is clearly not "significantly probative" as to the Defendant's alleged pretext for Williams' separation, since Williams had already been separated once the previously selected employee had declined the position in question. Therefore, Williams has failed to meet her burden of proof to show that Defendant's proffered legitimate reason was actually a pretext for racial discrimination, and we find that no genuine issue of material fact exists with regard to this claim.

Williams also offers evidence that three non-protected DDC employees each held two jobs simultaneously with the Department of Defense during the period in question, and that this evidence is "alone dispositive" of her racial discrimination claim. In addition, she also alleges that she has presented sufficient evidence of a discriminatory workplace atmosphere and that her separation was retaliation for earlier EEOC claim. With regard to each of these issues, we find the reasoning of the district court to have been thorough and persuasive. We therefore affirm substantially for the reasons stated in that opinion.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                         /s/ Julio M. Fuentes
                    Circuit Judg